UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | 2:10-cv-0095-GEB-KJN |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING |
| | ) | PLAINTIFF'S COMPLAINT AND |
| v. | ) | DECLINING TO RETAIN |
| | ) | JURISDICTION OVER THE |
| DAVID MICHAEL DAY, individually and d/b/a NICK'S NIGHT CLUB a/k/a OFF LIMITS, | ) ) ) | PARTIES' SETTLEMENT AGREEMENT |
| | ) | |
| Defendant. | ) | |

On July 23, 2010, the parties filed a joint "Stipulation of Dismissal of Plaintiff's Complaint," which states "it is hereby stipulated... that the above-entitled action is hereby dismissed without prejudice... and subject to the Court's jurisdiction to enforce the settlement agreement reached between the Parties." (Docket No. 15, 1:17-23.) The parties further state if "no Party . . . has filed a motion to reopen this action by May 1, 2011, the dismissal shall be deemed with prejudice." (Id., 2:2-3.)

Although the parties request this court retain jurisdiction to enforce their settlement agreement, the court declines to do so. The parties have not provided the settlement terms over which they seek to have the court exercise jurisdiction, and there is no indication that an independent basis for federal jurisdiction exists.

"[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction [over a settlement agreement] is not binding on the court." <u>Arata v. Nu Skin Int'l, Inc.</u>, 96 F.3d 1265, 1268 (9th Cir. 1996) (citations omitted). "A federal court may refuse to exercise continuing jurisdiction [over a settlement agreement] even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent." <u>Collins v. Thompson</u>, 8 F.3d 657, 659 (9th Cir. 1993) (citations omitted).  Therefore, "[a]bsent [the federal court's agreement to exercise jurisdiction over a settlement], enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 382 (1994).

Accordingly, this action is dismissed without prejudice and shall be closed.

IT IS SO ORDERED.

Dated:  August 4, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge